## Sprissler's Estate

Before Stearne, acting P. J., Sinkler, Klein, Bolger and Ladner, JJ.

*J. Willison Smith, Jr.*, for exceptant.

LADNER, J., March 27, 1942.—In this estate the learned auditing judge (Stearne, J.) continued the audit of an account of the executors under the last will of Clara W. Sprissler, deceased, because of pending proceedings to open the probate of said will in order to allow an alleged codicil thereto to be offered.

The Bible Institute of Pennsylvania then presented a petition to the auditing judge, praying for the audit of the account and distribution thereunder except for a sum sufficient to cover the additional gift provided for in the codicil. Upon this petition the learned auditing judge entered the following decree:

"And now, January 21, 1942, the prayer of the within petition is refused. It has been the uniform practice in this court to refuse to audit an account while an appeal from probate is pending. This practice applies to an appeal concerning the will itself, or (as in the present case) for the purpose of opening probate in order to submit to the register an alleged codicil or codicils to the will. The sound reason for such practice is that should other testamentary papers be admitted to probate, it may well be—as is frequently the case—that a construction thereof may vitally affect the dispositive provisions of the will itself. The instant paper, which is the subject of the present litigation, has never been submitted to me, and, indeed, I should decline to construe it unless and until the same has been duly probated. Furthermore, probate is a matter in rem. Should I accede to the prayer of the petition, and set aside a sum of money to insure payment of any legacy or legacies in the codicil, in the event of a subsequent petition for the

probate of any other testamentary paper (which the record in this case reveals is quite within the realm of possibility), all funds would have been distributed when the final probate is completed. I feel that despite any hardship, no audit or distribution should be made until probate is concluded.

"For these reasons the petition is dismissed."

To this decree counsel for the Bible Institute filed an exception which is the matter now before us for disposition.

Whether an auditing judge, under circumstances such as above recited, is *obliged* to refuse to audit an account is a question that need not be decided in the matter before us. Counsel cites no authority in his brief upon the proposition, and those that we have found all indicate that the court en banc will not interfere with a refusal by the auditing judge to audit an account when such refusal is based upon sound reason as here. This is one of the matters that rests largely in the discretion of the auditing judge whose judgment we are bound to accept unless an abuse of discretion is shown. We find no such abuse here. See Neal's Estate, 16 Phila. 330, Hawworth's Estate, 16 Phila. 233, and Wiley's Estate, 8 Dist. R. 419.

Exceptions are dismissed.

KLEIN, J., dissenting.—I agree with the statement of my colleagues that the refusal by the auditing judge to audit the account at this time is a matter that rests largely in his discretion. I must reluctantly disagree, however, with their conclusion that there has been no abuse of discretion by the respected and learned auditing judge.

If any question of construction could possibly be involved, I might view this case differently. However, the contested codicil is a matter of record in this court, and the decree of March 2, 1942, entered by Sinkler, J., sustaining the appeal opens the decree of the register probating the will only for the limited purpose of re-

ceiving and acting upon a petition for the probate of the codicil in question and for no other purpose. It is clear, from an examination of the provisions of the codicil, that if valid its effect is to make an outright gift of $25,000 to Anthony Grieco and nothing else. Since all parties in interest, including the proponent of the questioned instrument, have agreed that the balance of the estate may now be distributed upon setting aside a sum sufficient to cover the gift in the codicil, I see no good reason to withhold distribution further.

Rigid refusal to proceed with audits under circumstances similar to those existing in this case might tend to encourage designing persons to attempt to probate spurious wills.

Suppose an attempt were made to probate a questioned codicil containing a gift of $2,000 in an estate of $20,000,000. Could it be supposed for a moment that any court would stay the entire proceedings while the validity of such a codicil was being tested? To do so would subject the beneficiaries to great and unnecessary hardship or compel them to submit to an infringement of their rights.

I see little difference between this hypothetical case and the instant situation. The petition avers:

"That there is presently in the hands of the executors in cash a sum in excess of $620,000, to which amounts are constantly being added, and undisposed-of assets valued at approximately $250,000."

I fail to see what practical purpose is being served by withholding distribution contrary to the wishes of all parties in interest. If the question of proceeding with an audit is discretionary with the auditing judge, this would certainly seem to be the case in which such discretion should be affirmatively exercised. If, on the other hand, the auditing judge has the right to refuse to proceed with this audit, it seems to me that the matter ceases to be one of discretion and becomes a mandatory rule of law that an auditing judge cannot proceed

with the audit in any case where a collateral question of probate remains open.

I desire to make it clear that nothing that I have said herein is to be construed in any way as passing judgment on or prejudging the merits of the proponent's claim. I would not, however, delay distribution any longer, since most of the beneficiaries are highly-regarded charitable institutions whose praiseworthy work should be the subject of this court's benevolent protection in these troubled days.

Sinkler, J., joins in this dissent.